IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**ANTWANETTE BOWLES,**

    **Plaintiff,**

vs.                                                       Case No. 2:20-cv-02780-TLP

**MEMPHIS LIGHT, GAS and**                      **JURY DEMANDED**
**WATER DIVISION,**

    **Defendant.**

---

### DEFENDANT'S ANSWER AND DEFENSES TO
### PLAINTIFF'S AMENDED COMPLAINT

---

Defendant, Memphis Light, Gas and Water ("MLGW" or Defendant), by and through undersigned counsel, hereby submits its Answer and Defenses to Plaintiff's Amended Complaint as follows:

### I.    INTRODUCTION

Defendant denies the allegations contained in the unnumbered paragraph designated "Introduction" contained in Plaintiff's Amended Complaint.

### II.    JURISDICTION AND VENUE

1.    Defendant states that no response is required to Paragraph 1 of Plaintiff's Amended Complaint to the extent it states legal conclusions. Defendant admits that this Court has jurisdiction over claims brought under the Americans With Disabilities Act. To the extent any other responses are required, Defendant denies the remaining allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2.     Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. Defendant denies the remaining allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3.     Defendant admits that it employed Plaintiff in the past. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of Plaintiff's Amended Complaint, and therefore denies the same.

4.     Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5.     Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

**FACTS**

6.     Defendant admits that Plaintiff was employed in the past by MLGW in Memphis, Shelby County, Tennessee, in several positions including Contract Specialist II. Defendant admits, upon information and belief, that during her employment with Defendant Plaintiff took leave for a non-occupational injury/illness. Defendant admits, upon information and belief, that Plaintiff underwent fitness for duty and/or medical evaluations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff applied for several jobs with MLGW for which she was not selected. Defendant further states that it made several attempts to assist and accommodate Plaintiff by engaging in the interactive process. Defendant admits that Plaintiff's MLGW employment was terminated upon on her exhaustion of leave.  Defendant denies as stated the remaining allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7.     Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

**PRAYER FOR RELIEF**

Defendant denies any and all allegations contained in the unnumbered paragraph designated "Prayer for Relief" contained in Plaintiff's Amended Complaint.

1–6. The remainder of Plaintiff's Amended Complaint consists of a prayer for relief, which requires neither admission nor denial. To the extent a response is required, Defendant denies any and all allegations or inferences of wrongdoing or illegality in Plaintiff's Amended Complaint and denies that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's claims are barred in whole or in part because the Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims for damages are barred or reduced to the extent that she failed to mitigate her alleged damages, which Defendant denies exist.

3. To the extent Plaintiff has failed to satisfy any conditions precedent which are necessary to maintain her claims, or failed to exhaust administrative remedies, such claims are barred.

4. All claims based on allegations that are beyond the scope of Plaintiff's charge of discrimination filed with the EEOC are barred and fail to state a claim on which relief can be granted.

5. At all times, Defendant's actions were based on legitimate, nondiscriminatory, business-related reasons, undertaken in good faith and upon honest belief, and without malice or ill-will towards Plaintiff.

6. Any alleged discriminatory conduct by employees of Defendant as averred in Plaintiff's Amended Complaint, which Defendant denies, was outside the scope of those employees' employment.

7. At all times relevant hereto, Defendant had specific policies and procedures in place protecting against unlawful discrimination, harassment, and retaliation, and these policies and procedures were well known to Plaintiff.

8. Defendant exercised reasonable care to prevent and promptly correct any allegedly discriminatory or retaliatory conduct, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

9. Defendant had no knowledge of any alleged discriminatory or retaliatory conduct.

10. Plaintiff was not subject to any conduct that Plaintiff could have subjectively believed to be discriminatory or retaliatory in nature.

11. Plaintiff was not subject to any conduct a reasonable person would objectively view to be as discriminatory or retaliatory in nature.

12. To the extent Plaintiff did not engage in any protected activity, Plaintiff's retaliation claims are barred.

13. Plaintiff's retaliation claims fail because there is no causal connection between any alleged protected activity and any adverse employment action.

14. Plaintiff's claims are barred in whole or in part because the Amended Complaint fails to state a claim upon which relief can be granted, in that Plaintiff has failed to allege sufficient

facts showing she could perform the essential functions of the position with or without a reasonable accommodation.

15. Plaintiff's claims are barred in whole or in part because the Amended Complaint fails to state a claim upon which relief can be granted, in that Plaintiff has failed to allege sufficient facts showing she was qualified for any position.

16. To the extent Plaintiff alleges she was wrongfully denied a position at MLGW, Plaintiff was not a qualified individual with a disability.

17. To the extent Plaintiff alleges she was wrongfully denied a position at MLGW, Plaintiff could not perform the essential functions of the position with or without a reasonable accommodation.

18. Defendant avers that at all times relevant to this action, its actions were undertaken pursuant to the Memorandum of Understanding.

19. Plaintiff is not entitled to punitive damages for any of her claims.

20. Plaintiff is not entitled to damages in the form of back pay, benefits, actual or compensatory damages, pre-judgment interest, or attorneys' fees for any of her claims.

21. Plaintiff failed to request or accept any reasonable accommodation.

22. The accommodations requested by Plaintiff were unreasonable and/or would have imposed an undue hardship.

23. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

24. Plaintiff's claims are barred by the equitable doctrines of waiver or estoppel.

25. At all times relevant, Defendant has made a good faith effort to comply with all requirements of the Americans with Disabilities Act of 1990, as amended.

26. Plaintiff's claims are barred to the extent she failed to comply with Defendant's accommodations policy.

27. Plaintiff's claims are barred to the extent Defendant relied on the examining physician's evaluation of Plaintiff indicating that Plaintiff could not perform the essential functions of a position.

28. To the extent evidence is acquired after any alleged adverse action, which would provide a basis for such alleged adverse action, Plaintiff's claims for damages are barred, in whole or in part.

29. Plaintiff's claims are barred because the employment decisions about which she complains were made on the basis of legitimate factors other than Plaintiff's disability or other protected status.

30. Defendant requests a jury of twelve in the event this matter proceeds to trial.

## RESERVATION OF RIGHTS

1. Defendant reserves its rights to amend its answers as Plaintiff's claims are investigated in the course of this litigation. Further, Defendant reserves the right to assert additional defenses and/or affirmative defenses as Plaintiff's claims are clarified in the course of this litigation.

2. The headings used above are for convenience only and shall not be utilized in construing the meaning or intent of any of the terms of this Answer.

3. Any allegations of the Amended Complaint not expressly admitted herein are hereby denied in their entirety.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, and all Counts thereof, and Plaintiff not being entitled to any relief whatsoever, Defendant respectfully requests

the Court to dismiss with prejudice Plaintiff's Amended Complaint in its entirety, and for its costs and attorneys' fees, and for such other and further relief as the Court deems necessary and proper in the premises.

Dated:  March 18, 2021                    Respectfully submitted,

                                          s/ Brooks E. Kostakis
                                          Rodrick D. Holmes
                                          Tennessee No. 024501
                                          Brooks E. Kostakis
                                          Tennessee No. 025511
                                          BOYLE BRASHER LLC
                                          80 Monroe Avenue, Suite 410
                                          Memphis, TN 38103
                                          (901) 521-2860
                                          (901) 521-2861 (Fax)
                                          rholmes@boylebrasher.com
                                          bkostakis@boylebrasher.com
                                          *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on the 18th day of March, 2021, the foregoing document has been electronically served via this Court's electronic filing system to the following Counsel of Record for Plaintiff:

Christopher L. Taylor, Esq.
TAYLOR & TOON, PLLC
22 North Front Street, Suite 755
Memphis, TN 38103

                                          s/ Brooks E. Kostakis
                                          Brooks E. Kostakis